UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | FLOYD C. SCOGGINS, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) |
| | | ) |
| 2) | PROGRESSIVE INSURANCE | ) |
| | COMPANY [SIC], | ) |
| | | ) |
| | Defendant. | ) |

Case No.:  CIV-18-388-D
*(formerly Oklahoma County District
Court Case No.: CJ-2018-1836)*

**DEFENDANT PROGRESSIVE DIRECT
INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Direct Insurance Company ("Progressive")[1], the real party defendant in interest, hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this Court.  In accordance with LCvR 81.2, a copy of the state court docket sheet, as well as all documents filed or served in the state court action, are attached hereto as **EXHIBITS 1 - 2**.

The removal of this case to federal court is based on the following:

**FACTUAL BACKGROUND**

1.    This action arises from a 2015 motor vehicle accident involving Plaintiff, Floyd Scoggins ("Plaintiff"), and an unidentified driver who fled the scene ("the tortfeasor").  (*See* Petition, **EXHIBIT 2**.)

_____

[1] "Progressive Insurance Company" is a non-existent entity.  Plaintiff was insured through a policy issued by Progressive Direct Insurance Company.  (*See* ¶ 2, *infra*.)  As shown below, Progressive Direct Insurance Company, as the real party defendant in interest, may remove this case before it is named as a defendant.

2.      At the time of the accident, Plaintiff was insured under an automobile insurance policy issued by Progressive, Policy No. 22412267 (the "Policy").  The Policy provides uninsured/underinsured motorist ("UM") coverage in the amount of $25,000.00 per person/$50,000.00 per accident. (*See* Declarations Page for Policy No. 22412267, **EXHIBIT 3**.)

3.      Following his accident with the tortfeasor, Plaintiff filed a claim with Progressive seeking to recover UM benefits under his Policy.  (*See* Petition, ¶ 5, **EXHIBIT 2**.)

4.      On April 5, 2018, Plaintiff filed the present action in the District Court of Oklahoma County, State of Oklahoma, alleging that Progressive breached both the contract of insurance and its duty of good faith and fair dealing toward Plaintiff.  (*See* Petition, ¶¶ 4-5, **EXHIBIT 2**.)

5.      Plaintiff seeks breach of contract and bad faith damages against Progressive in an amount in excess of $75,000.00  (*See* Petition, pg 2, **EXHIBIT 2**.)

6.      To date, Plaintiff has not obtained service on Progressive Direct.  (*See* OSCN Docket Sheet, **EXHIBIT 1**.)

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

7.      "'Federal courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . .'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  *See* 28 U.S.C. §§ 1331-1332.

8.    At the time Plaintiff's Petition was filed, federal question jurisdiction did not exist.  Specifically, there are no allegations that the Constitution or any federal statute has been violated. (*See generally* Petition, **EXHIBIT 2**.)

9.    However, as of the moment Plaintiff filed his lawsuit, diversity jurisdiction existed.  As demonstrated below, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).  More specifically, this action is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.    Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma.  (*See* Petition, ¶ 1, **EXHIBIT 2**.)

11.    As noted above, Plaintiff's Petition names "Progressive Insurance Company" as the defendant.  However, Progressive Insurance Company is a non-existent entity.  Thus, the Court may properly disregard Progressive Insurance Company for purposes of complete diversity of citizenship.  *Davis v. OneBeacon Ins. Group.*, 721 F. Supp.2d 329, 337 (D.N.J. 2010) ("Because the court concludes, based on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's participation, consent or citizenship.");  *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, No. 09-954-GMP, 2009 WL 4506298, at *2 (S.D. Ill. Nov. 26, 2009) ("'[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, **nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship**.'") (emphasis added);  *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900

(5th Cir. 1975) (noting that district court denied motion to remand because named defendant "was only a trade name and not a legal entity"); *Schwartz v. CNA Ins. Co.*, 1:04CV1749, 2005 WL 3088570, at *4 (N.D. Ohio Nov. 17, 2005) (denying motion to remand because named defendants were trade names for conglomerate of insurance companies and real parties in interest were insurance companies identified in insurance contracts).

12.     Plaintiff's insurance policy was issued by Progressive Direct Insurance Company. (*See* Declarations Page for Progressive Direct Policy No. 22412267, **EXHIBIT 3**.) Accordingly, Progressive Direct is the "real party defendant in interest." *See Schwartz*, 2005 WL 3088570, at *4 ("[T]he contracts of insurance unequivocally identify the insurers as Pacific, Great Northern, and Transcontinental. Therefore, it is clear the real parties in interest are Pacific, Great Northern, and Transcontinental[.]"); *Hillberry v. Wal-Mart Stores East, L.P.*, CIV.A.3:05CV-63-H, 2005 WL 1862087, at *2 (W.D. Ky Aug. 3, 2005)("'A real party in interest defendant is one who, by the substantive law, has the duty sought to be enforced or enjoined.'" (quoting *Rose v. Giamatti*, 721 F. Supp. 906 (S.D. Ohio 1989)).

13.     As the United States Court of Appeals for the Second Circuit recently explained:

> The real party defendant in interest is not only entitled to remove, but, if it seeks removal, it must act promptly because the 30–day interval in which it is permitted to do so, *see* 28 U.S.C. § 1446(b) (2013), begins when it is "on notice that the wrong company defendant has been named." *Hillberry*, 2005 WL 1862087, at *1; *see Ware v. Wyndham Worldwide Inc.*, Civ. No. 09–6420, 2010 WL 2545168, at *2 (D.N.J. June 18, 2010) (30–day interval started when real defendant accepted service of complaint, although complaint named non-existent entity).

> The unstated premise of all of these decisions, with which we fully agree, is that the concept of a "real party defendant in interest" is not only entirely valid, it is an important aspect of removal jurisprudence, despite the absence of the phrase from Rule 17 or elsewhere in the Federal Rules of Civil Procedure.

*La Russon v. St. George's Univ. Sch. of Med.*, 747 F.3d 90, 96-97 (2nd Cir. 2014).

14.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

15.     At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the State of Ohio.  Its "nerve center" or "principal place of business" is likewise in Ohio.  (*See* Annual Statement of Progressive Direct Insurance Company, **EXHIBIT 4**.)  Thus, Progressive is deemed to be a citizen of the State of Ohio.

16.     As Plaintiff and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

17.     Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332.  This requirement is clearly met here, as Plaintiff's Petition expressly states that Plaintiff is seeking damages "in excess of $75,000.00."  (*See* Petition, pg. 2, **EXHIBIT 2**).

## REMOVAL TO THIS COURT IS TIMELY AND PROPER

18.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  Plaintiff's Petition was filed in the District Court of Oklahoma County on April 5, 2018.  (*See* Petition, **EXHIBIT 2**.)  As such, thirty days have not elapsed since the commencement of this action.

19.     Moreover, Progressive (the only Defendant in this action) is not a citizen of the state in which the action is brought.  *See* 28 U.S.C. § 1441(b)(2).  Rather, as indicated above, Progressive is a citizen of Ohio.

20.     Further, this action has been removed to the proper federal district court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  This action is currently pending in the District Court of Oklahoma County, State of Oklahoma.  Oklahoma County is situated in the Western District of Oklahoma.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

21.     Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive has filed a copy of this Notice of Removal with the Clerk of the District Court in and for Oklahoma County.

WHEREFORE, Defendant, Progressive Direct Insurance Company, the real party defendant in interest, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:      brad@pclaw.org
ATTORNEYS FOR REAL PARTY
 DEFENDANT IN INTEREST,
 PROGRESSIVE DIRECT
 INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Daniel M. Delluomo, Esquire
Steven W. Crow, Esquire

I hereby certify that on April 24, 2018, I served the same document by U.S. Mail on the following, who are not registered participants in the ECF system:

Rick Warren, Court Clerk            *VIA HAND-DELIVERY*
Oklahoma County District Court
320 Robert S. Kerr
Oklahoma City, OK 73102


s/ Brad L. Roberson
For the Firm